STATE OF MISSOURI, Respondent, v. DANIEL A. HONIG,
Appellant.

June 22, 1880.

1. One cannot be the principal in a larceny and a receiver of the property
   stolen.
2. Evidence which shows that the defendant was guilty of larceny will not sup-
   port a finding for having received stolen goods.

APPEAL from the St. Louis Criminal Court, LAUGH-
LIN, J.

*Reversed and remanded.*

J. G. LODGE and F. D. TURNER, for the appellant: The
court should have instructed for an accquittal, (1) because
the proof shows that the property in question was stolen from
Thomas B. Hale, while the indictment charges that it was
stolen from a person other than Thomas B. Hale. — *The
State v. Reakey*, 62 Mo. 40; *The State v. Shoemaker*, 7
Mo. 178; *The State v. English*, 67 Mo. 136; *The State v.
Fay*, 65 Mo. 490; *The State v. Fisher*, 58 Mo. 258; *The
State v. Hayes*, 36 Mo. 80. (2) Because of the absolute
variance between the allegations in the indictment and the
proof, in this: that the evidence establishes appellant's
guilt as a principal in the alleged larcency, and not as a
receiver of the stolen property, as charged in the indict-
ment. — *Regina v. Perkins*, 5 Cox C. C. 554; *Rex v.
Dyer*, 2 East P. C. 767; *Rex v. Owen*, 1 Moo. C. C. 96;
*Regina v. Coggins*, 12 Cox C. C. 517; *Regina v. Grun-
cell*, 9 Car. & P. 365; *Regina v. Smith*, Dears. C. C. 494;
*Conner v. The State*, 25 Ga. 515; *Regina v. Kelly*, 2 Car.
& Kir. 379; *The State v. Smith*, 37 Mo. 58.

J. C. NORMILE, for the respondent.

HAYDEN, J., delivered the opinion of the court.

The defendant was convicted in the court below of receiv-
ing stolen property, knowing it to have been stolen. In
October, 1877, one Hale went to the defendant's stable, in

St. Louis, to buy a wagon. A man by the name of Baker there met Hale and told him that he (Baker) had been trying all day to buy a span of horses from one Zumbunsen, said to be a Dutchman, who was standing near the defendant's place of business. In the presence of defendant, Baker told Hale that he (Baker) would give Hale $10 if Hale would buy these horses, which were there, for Baker. The horses were supposed to belong to Zumbunsen, who was supposed to be unable to speak English, and who pretended to communicate through an interpreter, though in fact the horses were the defendant's and the supposed Dutchman and Baker were in defendant's employ. It appears that Baker persuaded Hale to buy the horses for $150, upon the understanding that Baker would immediately purchase the horses from Hale and give the latter $10 for his bargain. Hale and Zumbunsen went into the defendant's office, where the latter's clerk was, to have a bill of sale made out, the defendant and Baker at first remaining outside. Baker, who had his hand full of bank-bills, told Hale to give his money to the clerk and that he (Baker) would return it directly. Hale took out all the money he had ($100), and put it down upon the desk. He then turned to Baker, who, with the defendant, was a few feet off, and asked Baker what his name was, that it might be put in the bill of sale. Baker replied that the bill of sale should be in Hale's name, and that he (Baker) would give him (Hale) the money directly. Hale then said that that would not do, that there was a trick in it, and that he wanted his money. Hale's money, when he turned his back to speak to Baker, was pushed by the clerk over towards the defendant, who took it and kept it. The defendant then told Hale that he could have the horses if he paid the other $50. There was testimony of Hale to the effect that he did not part with the possession of his money, and that when he saw it was gone he at once demanded it; that he never took the horses, did not intend to buy

them, and, in fact, did not not have the $150 to pay for them.

At the close of the State's case, the defendant asked the court to rule that the evidence did not sustain the indictment and that the jury should acquit the defendant, which the court refused to do. The defendant introduced no evidence. The court, after defining larceny and stating the nature of the charge, gave, among others, the following instruction : " If, therefore, from the evidence, you believe and find that the money mentioned in the indictment was by some one, *other than the defendant*, actually, feloniously stolen, taken, and carried away *from Thomas B. Hale*, with the intent, on the part of the thief, feloniously to convert it to his own use and make it his property, without the consent of the true owner of said money ; that said money was the property of said Hale, and was of the value of $20 or more ; and that after it had, by some one *other than the defendant*, been thus stolen, taken, and carried away, the defendant did feloniously take and receive it into his possession, and that at the time he did so he knew it to be stolen money, you will find him guilty of receiving stolen property, knowing it to be stolen, as charged in the indictment, provided you further find from the evidence that all this occurred in the city of St. Louis," etc.

There was here but one count in the indictment : that for receiving the money, knowing it to have been stolen. We think it clear, not only that the evidence was insufficient to sustain the count, but that there was no evidence to sustain it. The case put by Alderson B., in *Regina* v. *Perkins*, 5 Cox C. C. 554, is : " If one burglar stands outside a window while another plunders the house and hands out the goods to him, he surely could not be indicted as a receiver." But the facts of the case at bar are more strongly against conviction than those of the case supposed, or those of the actual case of *Regina* v. *Perkins*. Here, though the defendant received the money, it is clear that his receipt, consid-

ered in connection with his previous conduct, was the consummation of the act of theft. There is no question here of the act of the clerk pushing away the money, considered as an act by itself. It is in reference to the defendant and his previous conduct that his act in taking the money, when his clerk pushed it towards him, must be considered. All his acts are to be taken together, and cannot be divided into parts to secure a conviction. There can be no ground for contending here, as was suggested in *Regina* v. *Coggins*, 12 Cox C. C. 517, that the money was taken without the defendant's knowledge. So, on the other hand, it is equally clear that the defendant was not, as contended by the State, merely an accessary before the fact. It is not merely that he was the principal in the design, who allowed the trick to be played on his premises and through his men and horses, but from first to last he was at hand, and it was he who consummated the offence. He cannot be at the same time a principal in the larceny and, in the legal sense, a receiver of stolen property. *Rex* v. *Dyer*, 2 East P. C. 767; *Regina* v. *Gruncell*, 9 Car. & P. 365; *Conner* v. *The State*, 25 Ga. 515; *The State* v. *Smith*, 37 Mo. 58, and cases cited *supra*.

As what has been said shows that the conviction should be quashed, it is unnecessary to consider other points. The judgment is reversed, and the case remanded to the court below for final disposition.

Judge BAKEWELL concurs; Judge LEWIS is absent.