JOHN A. RIDGE, Appellant, v. ELMER JOHNSON, Respondent.

Kansas City Court of Appeals, February 17, 1908.

1. **TRIAL PRACTICE: New Trial: Perjury: Mistake: Discretion.** Where the trial court is satisfied that perjury or mistake has been an important factor in producing the verdict, he exercises his sound discretion in granting a new trial.

2. ————: ————: ————: ————: **Surprise.** Section 800, Revised Statutes 1899, invests the trial court with discretion to set aside the verdict for perjury or mistake committed by a witness without regard to surprise of the other party, since it makes surprise a separate cause of granting a new trial.

3. ————: ————: ————: **Motion of New Trial: Verification.** A motion for new trial on account of perjury or mistake by a witness does not need verification under the statute.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*W. W. Ramsay, R. B. Bridgeman* and *B. Raleigh Martin* for appellant.

(1) The sole question to be determined by this court, on this appeal, is whether or not the trial court committed error in sustaining defendant's motion for new trial, on the ground stated by the trial court in its order granting a new trial as stated in the record. Milling Co. v. White Line, etc., 122 Mo. 258; Bradley v. Lappel, 133 Mo. 545. (2) The trial court by granting a new trial on one ground stated in its order granting it, *ipso facto,* overruled all other grounds urged by the defendant as argument for a new trial. Ittner v. Hughes, 133 Mo. 679; Miller v. Madison Car Co., 130 Mo. 517; Thiele v. Railway, 140 Mo. 319; Connally v. Pehle, 105 Mo. App. 407; Lincoln v. Beckman, 37 N. W. 593. If respondent was surprised at the evidence

given on the trial by the appellant to the effect that his first month's wages were paid by defendant to plaintiff's wife, respondent should have made known his surprise at once, and ask for a postponement of the trial to enable him to procure additional evidence upon the point involved. Bragg v. Moberly, 17 Mo. App. 221; Albert v. Seiler, 31 Mo. App. 247; Dalton v. Schaffner, 38 Mo. App. 165; Shiele v. Railroad, 140 Mo. 319; Harrison v. White, 56 Mo. App. 175; Shotwell v. McElhinney, 191 Mo. 677; Workman v. Taylor, 24 Mo. App. 550; James v. Insurance Co., 148 Mo. 1; Lindaner v. Meyberg, 27 Mo. App. 181; Gidionsen v. Railroad, 129 Mo. 392. (3) We further strongly urge the attention of the appellate court to the counter affidavit filed by the plaintiff in this cause. We invite scrutiny of its contents. On a hearing of a motion for new trial the adverse party may introduce counter affidavits to disprove the grounds for new trial. Am. & Eng. Ency. Pl. & Pr., p. 912; Mackin v. Railway, 45 Mo. App. 82; State v. Nocton, 123 Mo. 537; State v. Burd, 115 Mo. 405. (4) It will be further noted that defendant does not in his motion claim that such alleged perjury or mistake had occasioned an improper verdict against him. R. S. 1899, sec. 287; Mecclaim v. Judy, 4 Mo. 361; Culterson v. Hill, 87 Mo. 553; Campbell v. Buller, 32 Mo. App. 646. (5) And again, in the case at bar, the alleged newly-discovered testimony is cumulative, and for that reason cannot be considered as a reason for granting a new trial. Snyder v. Burnham, 77 Mo. 55; Folding Bed Co. v. Railroad, 148 Mo. l. c. 478.

*W. E. Stubbs* and *Reed, Yates & Mastin* for respondent.

(1) The granting or refusal of a new trial is a matter of discretion, which will not be interfered with on appeal unless abuse is shown. Eidemiller v. Kump, 61 Mo. 340; McCullough v. Insurance Co., 113 Mo. 606;

Lee v. Publishers, 137 Mo. 385; Chouquette v. Railway, 152 Mo. 257; Campbell v. Railway, 86 Mo. App. 67; Glaves v. Wood, 87 Mo. App. 92; Trust Co. v. Murmann, 90 Mo. App. 555; Power Co. v. Coffee Co., 95 Mo. App. 412; Stephens v. Lumber Co., 98 Mo. App. 365; Luyties v. Hardy, 101 Mo. App. 693; Nordmanser v. Hitchcock, 10 Mo. 178; Taylor v. Architectural Co., 47 Mo. App. 257; Lovell v. Davis, 52 Mo. App. 342. (2) A motion for a new trial may be amended within four days. Bank v. Bennett, 138 Mo. 494; State v. Brooks, 92 Mo. 542; State v. Dusenbury, 112 Mo. 277; Deschner v. Railway, 200 Mo. 334. (3) The court properly granted defendant a new trial on the ground of perjury and mistake as set forth in the supplemental motion for a new trial. R. S. 1899, sec. 800. (4) Under section 800, Revised Statutes 1899, for perjury or mistake, it is necessary only that a motion be filed and the court may pass upon the issue raised upon such evidence as it shall deem sufficient to satisfy the mind of the court of such perjury or mistake. R. S. 1899, sec. 800.

JOHNSON, J.—Plaintiff sued to recover damages for the alienation of the affections of his wife. A verdict was returned in his favor but defendant's motion for a new trial was sustained and plaintiff appealed.

Defendant, a widower, employed plaintiff and his wife to work on his farm, the husband as laborer, the wife as housekeeper, and agreed to pay plaintiff twenty-five dollars per month for their services. Plaintiff, the only witness who testified to inculpatory conduct of his wife with defendant, stated among other things, that without his knowledge or consent, defendant paid his wages for the first month to his wife. His account of what transpired is as follows: "Well, sir, after three days—after the month was over three days— I was down, I and Mr. Johnson—was down to the barn harnessing up the teams to go to work. Says I, 'Mr.

Johnson, according to our agreement I believe we were to settle up every month.' Says he, 'Yes, sir, that is right.' Says he, 'I settled with your wife.' Says I, 'She never said a word to me,' and, says I, 'You never said nothing.' And says I, 'What kind of a way is this of doing business?' Says he, 'I thought that was all right.' Says I, 'After this, settle with me.' Says I, 'I am doing the work,' and, says I, 'We made the contract and I want you to settle with me.' " Counsel for defendant, on cross-examination, endeavored unsuccessfully to extract the admission that plaintiff was mistaken in this testimony. Defendant, on the stand, insisted that he settled with plaintiff and paid him his wages for the first month and denied having any conversation with plaintiff on that subject.

Defendant filed a motion for a new trial and the day after (and within four days after the verdict was rendered), filed a "supplemental motion for a new trial," in which he alleged the following ground: "That on the trial of said cause . . . plaintiff testified that the defendant paid to said Ridge's wife without his instructions and against his will, all moneys due said John A. Ridge for the first month's work performed by him for the defendant, to wit: Beginning the 8th day of June, 1903, which testimony is untrue and false and the defendant in this cause says that perjury or mistake has been committed by the witness, John A. Ridge, and that the testimony became and was considered by the jury as material to the issues; when in fact and in truth the plaintiff in this cause received the pay from this defendant, in checks on the Farmers' Bank of Maitland for his first month's pay, to-wit: On the 18th day of June, sixteen dollars and, on the 4th day of July, 1903, ten dollars; which was duly paid to said Ridge by the said bank on the 22d day of June, 1903, sixteen dollars, and on the 4th day of July, 1903, ten dollars; both of said checks being endorsed by said

Ridge; which checks are hereby attached to this motion and made a part thereof.

The defendant further says that he was taken by surprise by such testimony, and was therefore unable to produce any proof in contradiction of said Ridge's testimony, except his own evidence, having left said checks at his home; that said home of the defendant was about twenty miles from the town of Oregon, at which said trial was had, and that defendant was unable to produce such checks in time to use same on said trial." The attached checks were made payable to the order of plaintiff, bore his endorsement and were stamped paid by the bank. The motion was verified by affidavit. Plaintiff filed a counter affidavit in which he endeavored to show that defendant had not been surprised by the testimony and had not exercised due diligence in failing to produce the checks at the trial, but did not assail the genuineness of the checks nor deny that he had given false testimony with respect to the payment of the wages. The court granted a new trial "on the ground set forth in his (defendant's) supplemental motion."

It is manifest from the showing made by defendant and the silence of plaintiff that the latter either intentionally or mistakenly testified falsely about a material and quite important fact. The obvious purpose of the testimony was to disclose the beginning of an amatory campaign which ended in the estrangement and separation of husband and wife. Told circumstantially and with consistency, the story bore the impress of truth and we must presume had its intended influence with the jury. Satisfied that perjury or mistake had been an important factor in producing the verdict, the trial judge acted within the limits of sound discretion in granting a new trial.

It is provided in section 800, Revised Statutes 1899, that "in every case where . . . the court is satisfied

129 App—35

that perjury or mistake has been committed by a witness and is also satisfied that an improper verdict or finding was occasioned by any such matters and that the party has a just cause of action or of defense, it shall, on motion of the proper party, grant a new trial." The purpose of this enactment is to clothe the trial judge, who enjoys the advantage of meeting the parties and witnesses face to face, with a wide discretion to be exercised in furtherance of substantial justice. He should be satisfied with the justice of the verdict, otherwise, it is his duty to set it aside. It would not accord with either the letter or the spirit of the statute and would pervert justice to say that the trial judge could exercise his discretion only in cases where the injured party had made known his surprise at the false testimony when it was given, since the statute (section 800) makes surprise a separate cause for the granting of a new trial. Nor is it material that the jurat to the affidavit supporting the motion was defective. The statute does not require the motion to be supported by affidavit and the judge may draw his conclusion that perjury has been committed from the evidence adduced at the trial, without the production of additional evidence in support of the motion for a new trial. In short, with respect to the ground for new trial under consideration, the judge is invested by the statute with the functions of a trier of fact and his discretion is limited only by the rule that it must not arbitrarily be exercised but must rest on a reasonable foundation of fact. We fully discussed the principles applicable in the case of Rickroad v. Martin, 43 Mo. App. 597, and refer to that decision for a more complete expression of our views.

The judgment granting a new trial is affirmed. All concur.