THE STATE v. W. E. SLUSHER, Appellant.

Division Two, December 3, 1923.

1. **LARCENY: Recent Possssion: Presumption and Evidence.** Possession of property recently stolen is not presumption of guilt, but is evidence of guilt. Possession of property recently stolen may raise a reasonable inference that the possessor is the thief, unless that possession is satisfactorily explained; and it is evidence that the jury are entitled to weigh, and they are also entitled to disbelieve the explanation.

2. ———: ———: ———: **Explained: Demurrer.** The owner of a row boat, who lived on an island in the river, kept it on the Missouri side, tied with a chain padlocked to a tree. He saw defendant and another camped near where the boat was tied, and after they had gone the boat was missing. The chain had been cut, apparently by pinchers, which left marks on the part of the chain

still fastened to the tree. He reported the loss to the sheriff, who, the next day after it had been cut loose from the tree, found the boat in the river near defendant's house. Defendant said he had bought the boat from a man named John Harmon, and paid him four dollars for it. Afterwards defendant went to the owner, and wanted to settle with him, offering to buy it, or send it back, and to pay the owner for his trouble, and stated he bought it for two dollars from Rounds. Defendant testified that he did not loosen the boat from the tree to which it was tied, but bought it from Bill Rounds near where he camped. *Held*, that the case cannot be disposed of on the theory that the State must rely upon a presumption of guilt arising from recent possession of stolen goods and that such presumption instantly took flight upon the appearance of defendant's uncontradicted testimony that he bought the boat, and that therefore there is no positive evidence to sustain a conviction; that cases holding that a presumption arising from certain facts vanishes when evidence is produced to explain the situation, are not larceny cases; that no presumption of guilt arises from the possession of recently stolen goods, but such possession is evidence of guilt, and a demurrer to the State's case could have been sustained only on the theory that defendant's possession of the boat the next day after it was stolen was no evidence at all that he stole it.

3. ———: Taking Without Express Consent of Owner. Although the owner of the property charged to have been stolen testifies in person, it is not necessary for him to testify in so many words that he did not consent to the taking of the property, provided it clearly appears from his testimony that it was taken without his consent.

4. INSTRUCTION: Omitting Defense: Larceny. Under the statute (Sec. 4025, R. S. 1919), whether requested or not, the court must instruct upon all questions of law arising in a criminal case, and that means that the court should present to the jury the defendant's theory of the case, as well as that of the State; and where defendant is charged with the larceny of a boat, and testifies that he bought the boat from a person other than the owner, an instruction for the State which purports to cover the whole case, but omits any reference to such defense, is erroneous.

Appeal from Atchison Circuit Court.—*Hon. John M. Dawson*, Judge.

REVERSED AND REMANDED.

*E. M. Tipton* and *Mosman, Rogers & Buzard* for appellant.

(1) The court erred in refusing defendant's demurrer, because: (a) The presumption, or inference, created by the State's prima-facie case to the effect that the boat was taken, and was found soon thereafter in the possession of the defendant, was entirely overcome by defendant's positive testimony to the effect that he did not steal the boat.  Guthrie v. Holmes, 272 Mo. 215; Mockowick v. Railroad, 196 Mo. 550; Mason v. United Rys., 246 S. W. 323; Canty v. Halpin, 242 S. W. 102; Hammond v. Emery B. T. & Co., 240 S. W. 174; Vallery v. Hesse Bldg. Mat. Co., 211 S. W. 95; Sowders v. Railroad, 127 Mo. App. 124; Brannock v. Jaynes, 197 Mo. App. 150; Bolman v. Bullene, 200 S. W. 1068; Glassman v. Harry, 182 Mo. App. 307; State v. Hollis, 284 Mo. 627; Whittaker v. Morrison, 1 Fla. 25, 44 Am. Dec. 627; State v. Shelly, 166 Mo. 616; State v. Roswell, 153 Mo. App. 338; Tebeau v. Ridge, 261 Mo. 547; Salmon v. Neipp, 246 S. W. 636; Ursch v. Heier, 241 S. W. 439; Downs v. Horton, 287 Mo. 414; State ex rel. v. Ellison, 268 Mo. 239; State v. Swearingin, 269 Mo. 177; Reynolds v. Maryland Casualty Co., 274 Mo. 83; Brunswick v. Ins. Co., 278 Mo. 154; Stack v. General Baking Co., 283 Mo. 396; Allen West Com. Co. v. Richter, 286 Mo. 691; Bragg v. Met., 192 Mo. 331. (b) The State did not prove that the taking of the property was without the owner's consent, and to support a charge of larceny the evidence must show that the taking was without the consent of the owner.  State v. Waghalter, 177 Mo. 676; 25 Cyc. 113; Lynch v. State, 156 S. W. (Tex.) 1182; State v. Weatherman, 202 Mo. 6; Brillon Encyc. Crim. Law, sec. 733; 2 Bishop's-Cr. Law, sec. 811; State v. Morey, 2 Wis. 494, 60 Am. Dec. 439; Spiars v. State, 69 S. W. (Tex.) 533; Wisdom v. State, 61 S. W. (Tex.) 926; State v. Osborne, 28 Iowa, 9; State v. Moon, 41 Wis. 684; People v. Caniff, 2 Parker Cr. 586; Hunt v. State, 231 S. W. (Tex.) 775.  (c) The inference that it was taken without the owner's consent will not be in-

dulged where the fact could have been proved by direct evidence. 22 Corpus Juris, 974; Onychimb v. Barker, 1 Atk. 21, 49 Willes 538, 125 Reprint, 1310, 11 E. R. C. 126; Sharp v. Mo. Pac. Ry. Co., 213 Mo. 517; 1 Greenleaf on Evidence (15 Ed.) sec. 50; Bent v. Louis, 88 Mo. 462; Bank of North America v. Crandall, 87 Mo. 208; Pratt v. Mo. Pac. Ry. Co., 139 Mo. App. 502; State v. Sherman, 137 Mo. App. 70. (d) The presumption or inference raised by the State's case was no greater than the presumption of innocence which attended defendant. Thus the presumption of innocence prevailed. Kline v. Laudman, 29 Mo. 259; State v. Hollis, 284 Mo. 627; State v. Fowler, 265 Mo. 190; State v. James, 133 Mo. App. 300. (2) The court erred in giving Instruction 2 at the request of the State, for the reason that same ignored the defendant's testimony of lawful possession. State v. Weinhardt, 253 Mo. 629; State v. Martin, 28 Mo. 530; State v. Bloomer, 231 S. W. 569.

*Jesse W. Barrett*, Attorney-General, and *George W. Crowder*, Assistant Attorney-General, for respondent.

(1) The court did not err in refusing appellant's instruction in the nature of a demurrer to the evidence. It is the province of the jury to pass on the facts. State v. Horner, 266 Mo. 109, 112; State v. Thompson, 222 S. W. 789; State v. Jackson, 283 Mo. 18; State v. Linders, 246 S. W. 558; State v. Tracy, 243 S. W. 173; State v. Swarens, 241 S. W. 934. (2) In this case it was not necessary for Spittler, the owner of the boat, to testify in so many words that the boat was taken without his consent. All the evidence shows it was stolen, and as to this, there was no dispute. The issue was whether appellant's recent possession was compatible with honesty, and this, like any other conflicting evidence, was a question for the jury. State v. Swarens, 241 Mo. 934; State v. Jackson, 283 Mo. 18; State v. Jenkins, 213 S. W. 796. (3) Respondent must concede, however, in this case that instruction numbered 2, given by the court and purporting

to cover the entire case, failed to take into consideration appellant's evidence. Such instruction, therefore, did not cover all the necessary elements in the case, and was error. State v. Connor, 252 S. W. 713; State v. Conway, 241 Mo. 271; State v. Hayes, 249 S. W. 49; State v. Collins, 237 S. W. 516; State v. Cantrell, 234 S. W. 800.

WHITE, J.—In the Circuit Court of Atchison County the appellant, W. E. Slusher, and one George Reynolds, were charged by information with grand larceny in that they stole a row boat belonging to one B. H. Spitler, May 27, 1922. On the third day of May, 1923, the appellant was tried on said charge, found guilty, and his punishment fixed at imprisonment for two years in the penitentiary, and from the judgment then rendered he appealed.

B. H. Spitler testified that he lived on an island in the Missouri River; he owned a row boat which he kept at the mouth of the Nishnabotna River on the Missouri side. The boat was fastened by a chain which was padlocked around a tree. Witness was acquainted with W. E. Slusher and George Reynolds by sight, and saw them camping on the south side of the Nishnabotna River before he lost his boat. Sunday morning, May 27th, he had occasion to use the boat. When he went to where it had been fastened it was gone. The chain had been cut, apparently by pinchers, which left marks on the part of the chain still locked to the tree. He described the boat and placed its value at thirty-five or forty dollars. A hammer and a grabhook which he kept in the boat were also gone.

He reported the loss to the sheriff, L. L. Chastain, who, with two deputies, Bob Andrews and William Capper, went to hunt for the boat and found it in the river near Slusher's house. Slusher said he bought the boat from a man named John Harmon, and paid four dollars for it. Afterwards Slusher came to Spitler and wanted to "settle" with Spitler about the boat; offered to buy

301 Mo.—19.

it, or send it back, and pay Spitler for his trouble; told Spitler that he gave two dollars for it, and bought it from Mr. Rounds. The State produced evidence to show that it was worth thirty dollars or more.

The defendant testified that he did not loosen the boat from where it was fastened, and that he bought the boat from Bill Rounds at the mouth of the Nishnabotna River where he was camped. He offered evidence to show that the boat was not worth thirty dollars.

I. At the close of the case the defendant presented a demurrer to the evidence, which the trial court overruled, and that ruling is assigned here as error. Slusher was found in possession of the boat the next day after it was cut loose from where the owner had left it. Appellant cites a great many authorities, and presents his argument thus:

Recent Possession: Presumption and Evidence of Guilt.

The recent possession of stolen property by the defendant raises a presumption of guilt, declare the authorities. A presumption of that character vanishes when evidence is produced in explanation of the occurrence. Since the State must rely upon that presumption to establish the defendant's guilt and the defendant testified without contradiction that he bought the boat from Bill Rounds, that explanation on his part puts the presumption to flight. Counsel apparently concede that the jury was not obliged to believe the defendant when he testified that he bought the boat, but, it is argued, the burden is on the State to prove its case; it is not on the defendant to prove his innocence. A presumption is not evidence. The State loses the benefit of the presumption, arising from possession when the defendant offers evidence to explain it. The State, therefore, has no evidence which would support a verdict.

The argument is ingenious, but unsound, and based upon loose and inaccurate expressions in reported cases. The presumption of guilt arising from possession of recently stolen property has always been held sufficient

State v. Slusher.

to make out a prima-facie case for the jury. Some cases call it "presumptive evidence," and "prima-facie evidence." There are cases which hold that a presumption arising from a certain state of facts vanishes when evidence is introduced to explain the situation; but those are not larceny cases. The confusion in that matter, however, has been entirely cleared up in the recent case of State v. Swarens, 241 S. W. 934, in the opinion by JAMES T. BLAIR, J., concurred in by a majority of the court, where it is held that the possession of property recently stolen is not a presumption of guilt, but is evidence of guilt. Being evidence it must be weighed by the jury. The doctrine of that case is not only in accordance with the great weight of authority, but is based upon sound reason. To find some person in possession of property recently stolen may raise at once in the mind a reasonable inference that the possessor is a thief, unless that possession is satisfactorily explained. The jury are to weigh that evidence. They may or may not believe the explanation. In this case they did not believe it. They had a right to disbelieve it, and to infer from such possession that the defendant was guilty, in view of his contradictory statements as to who sold him the boat. The demurrer could have been sustained only on the theory that such possession was not evidence at all, but a presumption which vanished upon the introduction of evidence. The trial court did not err in overruling the demurrer to the evidence.

II. The appellant further argues that the demurrer should have been sustained because the defendant did not testify that the boat was taken without his consent. It is conceded that the want of consent on the part of the owner may be shown by circumstances, but cases

*Taking Without Consent.* are cited which hold that when the owner of property claimed to have been stolen testifies in person he must say directly that the property was taken without his consent. [Wilson v. State, 12 Tex. App. 481; Garcia v. State, 26 Tex. 209; Hunt v. State, 231 S. W (Tex.) l. c. 776.]

The Supreme Court of Nebraska, however, has held that although the owner of the property testifies in person it is not necessary for him to say in so many words that he did not consent to the taking of the property, provided it clearly appears from his testimony that it was taken without his consent. [Johns v. State, 88 Neb. 145, l. c. 152.] The doctrine that the want of consent may be shown from the circumstances, although the owner testifies in person, appears in other cases. [Albritton v. State, 88 So. l. c. 624; State v. Prentice, 183 N. W. (Iowa) l. c. 414. See also State v. Porter, 26 Mo. l. c. 207.]

Here Spitler testified that he left his boat locked to a tree; that he went to get his boat, expecting to find it, and the chain had been cut. He immediately reported the loss of his boat to the sheriff. It would have been more definite and direct if the prosecuting attorney had asked him if he consented for anybody to take his boat in that way, or any other way. However, the inference is reasonable from his actions as he described them, that his boat was taken without his consent. In fact, no other inference could be drawn from that testimony, since it was uncontradicted.

We conclude that where the inference is clear, as it appears here, from what the owner did say while on the stand, that he did not consent to the taking of his property, that the evidence was sufficient to submit the matter to the jury.

III. Appellant assigns error in the giving of instruction numbered 2, as follows:

"The jury are instructed that if they believe from the evidence beyond a reasonable doubt, that the defendant W. E. Slusher, at the County of Atchison, and State of Missouri on or about the 27th day of May, 1922, did then and there unlawfully and feloniously take, steal and carry away the boat described in evidence, and that the same was the property of the witness B. H. Spitler and that said

*Instruction: Omitting Defense.*

boat was taken by defendant with the intent to convert said boat to defendant's own use and permanently deprive the owner of his said boat, and that said boat was then and there of the value of thirty dollars or more, then you will find the defendant guilty of grand larceny and assess his punishment at imprisonment in the penitentiary for a period not exceeding five years.''

The instruction is almost an exact copy of an instruction condemned by this court in case of State v. Collins, 237 S. W. l. c. 519, and the Attorney-General confesses error in giving this instruction. The vice of the instruction is that it purports to cover the whole case, and authorizes a verdict without taking into consideration the defenses offered by the defendant to the effect that he bought the boat—came by it honestly. Under Section 4025, Revised Statutes 1919, whether requested or not, the court must instruct on all questions of law arising in the case, and that means the court should present to the jury the defendant's theory of the case, as well as that of the State. [State v. Cantrell, 234 S. W. 800, l. c. 802.] The doctrine on that subject laid down in the case of State v. Conway, 241 Mo. 271, we believe is sound, and it is now held by a majority of this court. [State v. Burrell, 252 S. W. l. c. 711.] See concurring opinion of GRAVES, J., in the Swarens Case, 241. S. W. l. c. 941. Here the court in Instruction 2 undertook to instruct upon the entire case and authorized a verdict, and in doing so did not instruct on all questions of law arising from the evidence, and therefore instruction numbered two was erroneous, and the Attorney-General is righ in confessing error in that respect.

The judgment is reversed and the cause remanded. All concur.