THE STATE v. EMMETT SMITH, Appellant.—98 S. W. (2d) 657.

Division Two, November 17, 1936.

W. A. Lintner for appellant.

Roy McKittrick, Attorney General, Wm. Orr Sawyers, Assistant Attorney General, and V. C. Rose for respondent.

TIPTON, P. J.—An information was filed in the Circuit Court of Putnam County, Missouri, charging the appellant with the crime of grand larceny, under Section 4064, Revised Statutes 1929, in that he stole some cows, the property of R. Alexander. On change of venue the cause was sent to the Circuit Court of Harrison County. On October 24, 1935, a jury in that court found the appellant guilty and assessed his punishment at three years' imprisonment in the State penitentiary. From the judgment and sentence of that court he has duly appealed to this court.

Robert Alexander was the owner of several head of cows and calves. On February 20, 1935, he counted his cattle and found them all in his feed lot. On February 22, 1935, he again counted his cattle and found that he was short five cows which were valued at one hundred dollars. He reported the loss of these cows to the sheriff of Putnam County. An investigation by the sheriff led to the appellant's arrest.

The evidence shows that the day after the five cows were missed by Alexander, the appellant had Melvin Law, a truck driver, come to his place and get five cows to take them to the St. Joseph market. Law loaded the five cows which the appellant represented belonged to him and Ben Quigley. The description of these cows were similar to the cows that belonged to Alexander. After the cows were loaded in the truck Law started to take them to Milan, Missouri, but just before he reached there, he was overtaken by the appellant. He then told the appellant he could not take the cows to St. Joseph. After some discussion, the appellant sold the three smallest cows to Law, who sold them on the St. Louis market. The other two cows were unloaded there and driven away by the appellant. In paying for the three cows, Law gave a check for seventy-five dollars, payable to Ben Quigley. The night before this transaction the appellant stopped at Quigley's home and borrowed forty dollars from Quigley. The appellant's reason for wanting this money was that he had bought some cattle. The next day the appellant borrowed fifteen dollars from Quigley. After Quigley received the seventy-five dollar check from Law, he gave the appellant three checks, one for forty dollars, one for twenty dollars and the other for fifteen. These checks were offered in evidence.

The evidence shows that for years the appellant had followed the business of buying and selling livestock on a commission basis, and of selling his services in going about the county locating livestock for buyers.

The appellant offered no evidence in his behalf.

The appellant has not favored us with a brief, and we will therefore look to his motion for a new trial for his assignment of errors.

I. The assignments 5, 6, 7 and 8 in appellant's motion for a new trial attack the sufficiency of the evidence to sustain the verdict of guilty.

From the above statement of facts we are of the opinion the evidence is sufficient to sustain the verdict. The prosecuting witness, Robert Alexander, testified that he had five cows taken from him without his consent. He described the cows as follows: two mottled Hereford cows, one red cow about six years old weighing about one thousand pounds, one heifer cow about three years old, and one black cow heavy with calf. While the description of each cow is rather general, yet there is evidence that five cows of the same description were in possession of the appellant the day after they were stolen from Alexander. It is to be remembered, the cows in appellant's possession were described as follows, one cow heavy with calf, two were mottled Herefords, one an aged red cow, weighing 920 pounds, and one a red heifer. With five cows as differently described by the prosecuting witness as the ones stolen from him and the appellant having only five cows of the same description we feel that the jury was warranted in finding they were the same cows. [State v. Nave, 201 S. W. 88, 273 Mo. 366.]

While it is true there is no direct evidence that any one saw the appellant take the cows in question from the Alexander place, yet they were in his possession the next day. The appellant hired Law to truck them away from his place, and he claimed to be a part owner of them. In fact he sold three of the cows to Law. The appellant made contradictory statements to the officer about knowing Law and others before and after the officer arrested him. The cows were found in his possession the day after they were stolen. ''To find some person in possession of property recently stolen may raise at once in the mind a reasonable inference that the possessor is a thief, unless that possession in satisfactorily explained. The jury are to weigh the evidence. They may or may not believe the explanation.'' [State v. Slusher, 256 S. W. 817, l. c. 818, 301 Mo. 285; State v. Swarens, 294 Mo. 139, 241 S. W. 934.] Under the evidence in the case at bar the jury had a right to believe that the appellant was the thief. We hold there was substantial evidence to sustain the verdict of the jury.

II. The other assignments of error in appellant's motion for a new trial are as follows:

"1. The Court erred in permitting plaintiff to file an amended information on the day of the trial over the objection of defendant.

"2. The Court erred in overruling defendant's application and affidavit for a continuance.

"3. The Court erred in admitting incompetent, irrelevant and immaterial evidence over the objection of the defendant.

"4. The Court erred in admitting Plaintiff's exhibits A, B, C, D & E, in evidence.

"9. Because the Court erred in giving plaintiff's instructions numbered 1, 2, 3, 4, 5, 6, 7, over the objection of the defendant.

"10. Because the Court erred in failing to give instructions numbered A, B, tendered by the defendant.

"11. Because the verdict of the jury is the result of bias and prejudice by reason of inflammatory remarks of the prosecuting attorney in his argument to the jury.

"12. Because the Court erred in failing to discharge the jury at the request of the defendant by reason of the inflammatory remarks and argument of the prosecuting attorney by reason of matters and facts outside of the record."

The above assignments of error are too general to present anything for our review. Section 3735, Revised Statutes 1929, provides that the motion for a new trial must set forth in detail and with particularity the alleged errors of the trial court. The above-named assignments fail to comply with this section. [State v. Copeland, 335 Mo. 140, 71 S. W. (2d) 746; State v. Buckner, 80 S. W. (2d) 167; State v. Carrol, 62 S. W. (2d) 863, 333 Mo. 558; State v. Morgan, 56 S. W. (2d) 385; State v. Austin, 29 S. W. (2d) 686.]

The information, verdict and judgment are in proper form. We find no error in the record before us. The judgment of the trial court is, therefore, affirmed. All concur.