STATE of Missouri (Plaintiff), Respondent,

v.

Christopher GRIFFIN (Defendant), Appellant.

No. 29293.

St. Louis Court of Appeals.

Missouri.

April 17, 1956.

 

Samuel S. Mandel, Joseph Wall, Louis E. Zuckerman, St. Louis, for appellant.

William J. Geekie, Pros. Atty., Jasper R. Vettori, Associate Pros. Atty., St. Louis, for respondent.

WOLFE, Commissioner.

The appellant, Christopher Griffin, was charged with the unlicensed practice of dentistry. He was found guilty, as charged, by a jury which was unable to agree on the punishment to be assessed and the court fixed the punishment at a fine of $150 and six months in the workhouse.

The following evidence was presented by the State: Calvin Matthews testified that he was in need of bridgework to replace some missing teeth and at the suggestion of his sister-in-law he went to the office of a woman dentist by the name of· Oroba Griffin. When he arrived at the office he was met by Mr. Griffin who informed him that he would take care of him. Griffin then seated Matthews in a dental chair and after examining Matthews' mouth he took an impression for the purpose of making the bridgework. Matthews testified that Griffin told him that the bridgework would cost $60 and on the day that the impression was taken·he paid $30 on account. On the following Monday he called for the bridge-work and Griffin fitted it in his mouth. The work was not satisfactory and Matthews returned on other occasions to have adjust-ments made on it. He paid a total of $60 for which he said that he had receipts signed by Griffin, but he testified that one time when he went to the office Dr. Oroba Griffin took the receipts that he had and gave him one signed by herself for the full amount that he had paid. He said that the bridgework cut his gums and he finally went to a doctor of dentistry named O'Hara. He told his experience to Dr. O'Hara and both went to the prosecuting attorney's office where Matthews lodged his complaint.

O'Hara was called as a witness and under questioning by the court testified at some length about making bridgework and stated that the work·in question was not properly done.

There was also testimony by police offi-cers that they arrested Griffin in the dental office where Matthews had been treated. There was .a sign upon the door of the office, "Dr. O. B. Griffin"; but the name of the defendant, Christopher Griffin or C. Griffin, was not there.

On behalf of the defendant, Dr. Oroba Griffin testified that she treated Matthews on all occasions and that Griffin did nothing but make the bridge from impressions she had taken. She said that upon the first visit Griffin mixed the plaster for her and she took the impression and that upon Mat-thews' return she fitted the plate and made adjustments. She further stated that she had been licensed to practice dentistry and had practiced dentistry in Missouri for 25 years during which time her husband acted as her dental technician. On cross-examin-ation she was asked if her license to prac-tice dentistry had not been suspended for a period of six months in 1949. She an-swered that it had been. Over the objection of counsel for the defendant she was asked if her husband during ·the same time was not restrained from the practice of den-tistry and later over the objection of the defendant the State was permitted to read the injunction entered in 1949.

Griffin's testimony was about the same as that of his wife. He claimed to have acted only as a technician under his wife's direction and said that he did not take any impression of Matthews' mouth or fit the plate.

The court cross-examined the witness at some length touching upon his qualifications to do the technical work that.he said he had been doing.

As stated, the jury found the defendant guilty but could not agree upon the punishment to be assessed. The court, after instructing them as to their duty in that respect, and after further deliberation by the jury, which brought no agreement, assessed the punishment at a fine of $150 and six months in the workhouse.

The first question raised goes to the sufficiency of the information to charge the offense for which the defendant was tried. The information is as follows:

"Jasper R. Vettori, Associate Prosecuting Attorney, of the St. Louis Court of Criminal Correction, now here in Court, on behalf of the State of Missouri, information makes as follows:

"That Christopher Griffin in the City of St. Louis, on or about the 22nd day of February, 1954 did unlawfully practice dentistry without having been registered and licensed for that purpose by the Missouri Dental Board, in that he did then and there contract with one Calvin Matthews for and in consideration of Sixty Dollars ($60.00) to supply him, the said Calvin Matthews with a partial plate, and in connection therewith did examine the mouth of said Calvin Matthews and did take an impression and thereafter did place in the mouth of the said Calvin Matthews an appliance known as a partial plate contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

■ Section 332.230 RSMo 1949, V.A. M.S., prohibits any one other than a licensed dentist from taking an impression and fitting bridgework. The information charges that the defendant was not licensed and that he did take an impression of the patient's mouth and fit the bridgework. This constituted all of the elements of the offense and was sufficient to charge the violation of the statute.

· ■ It is also contended that the evidence was insufficient to support a conviction and that the court erred in not directing an acquittal. This is without merit, since it is obvious from the facts set out above that if the jury believed the complaining witness, which they obviously did, Griffin performed work confined by law to those properly licensed, and Griffin was not.

■ The appellant further asserts that the court erred in not instructing the jury on his defense. No instruction was requested, but it is contended that the court was obliged to instruct upon all questions of law, whether requested or not, under Section 546.070 RSMo 1949, V.A.M.S. This section does not apply to misdemeanors and a mere nondirection by the court in such cases is not error. State v. Magruder, Mo. App., 219 S.W. 700; State v. Brown, Mo. App., 293 S.W. 87; State v. Egan, Mo.App., 272 S.W.2d 719.

The defendant assigns as error the giving of an instruction designated as No. 2. The part complained of is as follows:

"The Court further instructs the jury that the introduction into evidence in this case of the injunction suit brought against this defendant in 1949 and which by its decree prohibited the defendant from engaging in the practice of dentistry is not to be received by you as any evidence of the defendant's guilt in this case on trial, but it is to be received by you solely and exclusively for the purpose of determining his credibility and trustfulness as a witness in this case."

■ The State went to some length to prove the injunction that had been entered in a suit against Griffin some five years before the trial. No point is made here as to the admissibility of the evidence, but it is obvious that if the evidence was not admissible it was error for the court to inform the jury that it could be considered to test the credibility of defendant's testimony. Evidence of a prior criminal conviction may be inquired into on cross-examination to affect the credibility of the witness. Section 491.050 RSMo 1949, V.A.M.S. How-

ever, evidence of prior criminal acts subject to exceptions, not here present, are not as a general rule admissible. State v. Spinks, 344 Mo. 105, 125 S.W.2d 60; State v. Gruber, Mo.Sup., 285 S.W. 426; State v. Leonard, Mo.Sup., 182 S.W.2d 548; State v. Jackson, Mo.App., 220 S.W.2d 779. In view of this, the result of the civil suit five years before should not have been admitted for any purpose. As it was quite remote in time and in no way related to the charge upon which the defendant was being tried, it was error to instruct the jury that they could consider it to determine the credibility of the defendant's testimony.

■ Complaint is also made about the form of the burden of proof instruction. It is contended that it imposed a greater burden of proof than required. Since the instruction went only to the burden imposed upon the State, the defendant could in no way be prejudiced by the instruction and the point is without merit.

■ Another question raised has to do with the right of the prosecuting attorney to bring the prosecution against the defendant. The statute relating to the unlawful practice of dentistry, Section 332.370 RSMo 1949, V.A.M.S., provides: "It shall be the duty of the attorney general or of the prosecuting attorney of the county in which such offense shall occur, at the direction of the attorney general, to prosecute every case to final judgment whenever his attention shall be called to a violation of this chapter." It is argued that under the above statute the initiation of all prosecutions must be by the attorney general or at his direction. The reading of the act does not permit that construction, for it gives the county prosecutor and the attorney general each the right to seek injunction against such practice. Section 332.250 RSMo 1949, V.A.M.S. The general duty is upon the prosecutor to prosecute misdemeanors within his county, or city as the case is here. A fair construction of the statute could only mean that the attorney general upon being made aware of the violation of the statute shall either prosecute the offender himself or direct a prosecuting attorney to do so, but it does not prohibit the prosecutor from acting without direction from the attorney general.

Since the case must be tried again, it should be stated that the offense charged is that the defendant took an impression of the mouth of Matthews and fitted a plate in his mouth in violation of the statute. This was denied by the defendant, who claimed that he did nothing more than make the plate at the direction of the licensed dentist as permitted by law. The issues are simple and the trial and instructions should be limited to them.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded for a new trial.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the St. Louis Court of Criminal Correction is accordingly reversed and the cause remanded for a new trial.

ANDERSON, P. J., and N. T. CAVE and GEORGE P. ADAMS, Special Judges, concur.