The STATE of Missouri, Plaintiff-Respondent,

v.

Olivia PENNINGTON, Defendant-Appellant.

No. 31640.

St. Louis Court of Appeals.

Missouri.

May 18, 1965.

Rehearing Denied June 21, 1965.

Wyvetter H. Younge, St. Louis, for defendant-appellant.

Lawrence J. Lee, Pros. Atty., Robert W. Van Dillen, Asst. Pros. Atty., Sydney Faber, Asst. Pros. Atty., Jasper R. Vettori, Assoc. Pros. Atty., Charles W. Kunderer, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

SAMUEL E. SEMPLE, Special Judge.

The defendant, Olivia Pennington, was found guilty by a jury of stealing property of a value of less than Fifty Dollars and her punishment was assessed by the jury at a fine of One Hundred Dollars. The trial court, after overruling defendant's Motion for New Trial, sentenced defendant in accordance with the verdict of the jury from which judgment and sentence the defendant has perfected an appeal to this Court.

The State presented evidence in substance that on June 30, 1962 at the downtown store of the Famous Barr Company Marie Asbille, a security employer of the store, saw defendant take a handbag from a counter in the store. That Marie Asbille saw defendant remove a price tag from the handbag while she was escorting defendant to the store security office. That Marie Asbille saw defendant mark the handbag with lipstick while defendant was in the store security office. Defendant denied that she had stolen the handbag and testified that she had purchased the bag at the Famous Barr Store in Clayton during the month of May, 1962, and that the bag was used as it had a lipstick mark on it. Defendant presented evidence by her daughter that she owned the bag and also testimony of her employer that she had seen the bag in defendant's possession in the early part of June, 1962.

Defendant complains that Instruction No. 1 given by the Court was erroneous as it failed to refer to defendant's main defense of ownership. No instruction was given by the Court or requested or offered by defendant on her defense. Defendant's theory appears to be that the Court is required to instruct the jury in writing on all questions of law necessary for their guidance and cites V.A.M.R. 26.02(6) and the cases of State v. Webster, Mo., 230 S.W.2d 841, State v. Slusher, 301 Mo. 285, 256 S.W. 817.

This contention is not well taken as the authorities cited by defendant are cases involving felonies. In this case we are dealing with a misdemeanor. In the case of State v. Griffin, Mo.App., 289 S.W. 2d 455, 458, where the defendant claimed the court erred in not instructing the jury on his defense even though no instruction was requested on the theory that the court was obliged to instruct upon all questions of law whether requested or not under § 546.070(4), V.A.M.S., this court held that this section of the statutes, which is substantially the same as V.A.M.R. 26.02(6), does not apply to misdemeanors and a mere non-direction by the court in such cases is not error. State v. Magruder, Mo. App., 219 S.W. 700; State v. Brown, Mo. App., 293 S.W. 87; State v. Egan, Mo. App., 272 S.W.2d 719.

Defendant complains that the burden of proof instruction given by the court as Instruction No. 3 was erroneous because it required a finding of proof to the jury's satisfaction, thus opening the door for a wide variance in the degree of proof required of the State. This contention is without merit as the burden of proof instruction given in this case is in the exact form as the standard burden of proof instruction approved in State v. Caffey, Mo., 365 S.W.2d 607, 611, 612, where the same

objection was raised to the phrase "to your satisfaction" as the defendant contends here. The defendant cited the cases of Lebow v. Missouri Public Service Company, Mo., 270 S.W.2d 713 and Hustad v. Cooney, Mo., 308 S.W.2d 647, both of which deal with burden of proof instructions in civil actions based on negligence as distinguished from a criminal action and are clearly not in point.

The defendant next complains that the court erred in refusing to give defendant's Instruction No. 3, which reads as follows:

"You are instructed that if you believe, from the evidence, that any witness has testified under a fear of losing his employment, or a desire to avoid censure, or a fear of offending or a desire to please his employer, then such fact may be taken into account by the jury in determining the degree of weight which ought to be given to the testimony of such witness; and in such case the jury have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives, on the part of a witness, may tend to warp his judgment or prevent the truth; and the jury, after applying their own knowledge of human nature, and of the philosophy of the human mind, to the investigation of the subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case."

Defendant cites no authority to support her contention. However, the Court did give an instruction in usual form on credibility of the witnesses, which reads as follows:

"* * * You are further instructed that you are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. In determining such credibility and weight you may take into consideration

the demeanor of the witness, his or her manner on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling towards the defendant or any other witness testifying in the case, and the probability or improbability of his or her statements, as well as all the facts and circumstances given in evidence. In this connection you are further instructed that if you believe that any witness has knowingly sworn falsely to any material fact, you shall reject all or any portion of such witness's testimony which you believe to be untrue."

█ A similar instruction to the instruction here given by the court was approved in State v. Turner, Mo., 320 S.W.2d 579, 585. To a great extent the giving of instructions on the credibility of witnesses lies within the discretion of the trial court, State v. Hart, 331 Mo. 650, 56 S.W.2d 592. The court here gave a proper instruction on credibility of the witnesses and properly refused defendant's Instruction No. 3 as it tended to single out the State's witnesses for particular scrutiny. Defendant's contention is denied.

█ Defendant, without citing any authority, contends that the trial court committed error in failing to reprimand counsel for the State and to declare a mistrial during final arguments when the prosecutor stated that defendant was the mother of two illegitimate children while referring to her credibility as a witness.

The record reveals that defendant testified on cross-examination, without objection, that she was the mother of two illegitimate children by two different men.

It has been held that: "A prosecuting attorney has the right to comment on the evidence and the credibility of the witnesses from the State's standpoint, and whether such comments are prejudicial in any instance rests largely within the sound discretion of the trial court." State v. Brooks,

Mo.App., 298 S.W.2d 511, 515. In the case of State v. Brock, Mo., 273 S.W.2d 166, 168 it was stated: " 'Can appellant, during the progress of the trial, permit testimony to be introduced without objection, and then complain that the prosecuting attorney improperly based remarks upon it? The proper and only time to make the test as to the admissibility of testimony is at the time it is offered. We are unwilling to sanction the practice, conceding that incompetent evidence was introduced, of allowing the testimony to go to the jury, and wait until counsel in his closing argument proceeds to comment upon it, before interposing objections to it.' While we would not say that no comment that might be made in argument on incompetent evidence, admitted without objection, or on evidence properly admitted for a limited purpose, could be prejudicial, we do say that the State may have some right of comment on such evidence." It is concluded that the trial court did not abuse its discretion in refusing to grant a mistrial.

Defendant alleges error in that the assistant prosecuting attorney, who tried the case, permitted testimony to be given by Marie Asbille, a witness for the State which he knew was perjured, thus denying defendant a fair trial. Defendant raised this point in her Motion for New Trial and attached an affidavit of defendant's attorney to the motion which in substance stated that on May 29, 1963, (the day the verdict was rendered) the assistant prosecuting attorney stated to defendant's attorney that "I knew Marie Asbille was lying when she testified that she saw defendant Olivia Pennington put lipstick on the bag." Defendant cites V.A.M.R. 78.01 as requiring the trial court to ascertain whether or not perjury was committed which affected the outcome of the trial and cites the cases of Donati v. Gualdoni, 358 Mo. 667, 216 S.W. 2d 519 and Ridge v. Johnson, 129 Mo.App. 541, 107 S.W. 1103. These authorities deal with the question of whether perjury affected the outcome of the trial in civil cases.

In criminal cases the principle has been laid down by the Supreme Court of the United States that the constitutional requirement of due process is not satisfied where a conviction is obtained by the presentation of testimony known by the prosecuting authorities to be perjured. Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9; Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217. It would therefore appear that when the point is raised as it is in this case, the trial court has the function of a trier of fact and his discretion is limited only by the rule that it must not arbitrarily be exercised but must rest on a reasonable foundation of fact. State v. Baker, Mo., 277 S.W.2d 627, 631; State v. Bayless, 362 Mo. 109, 240 S.W.2d 114, 123. Here it was incumbent upon the trial court to determine (1) whether perjured testimony was given by a State's witness, (2) that such testimony was known by the prosecuting attorney to be false and (3) that he permitted the testimony to go uncorrected. Napue v. People of State of Illinois, supra.

The record of the State's evidence reveals that witness Asbille did testify that she saw defendant place a lipstick mark on the handbag. This testimony was corroborated by another State's witness, Garfield Eggleston, who testified that he heard a police officer say, "Don't mark that with lipstick." and thereupon witness Eggleston examined defendant's handbag and there was a mark of lipstick on the side of the bag.

The trial court could and apparently did find as a fact that witness Asbille's testimony as corroborated by the testimony of Eggleston was not perjured or false and that the alleged statement of the assistant prosecuting attorney could only have been an expression of opinion or conclusion as to the testimony of witness Asbille made without careful consideration of all the testimony presented by the State. The record supports such a finding and it is concluded that the trial court acted within the proper limits of its discretion in over-

ruling the defendant's Motion for New Trial on this point.

The judgment of the trial court is affirmed.

RUDDY, P. J., and WOLFE, J., concur.